95 F.3d 1160
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Loren VAN DEN BERG, Defendant-Appellant.
Loren VAN DEN BERG, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-16279, 96-15277.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 13, 1996.*
Decided Aug. 21, 1996.
 
 Before: BOOCHEVER, NOONAN and THOMPSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Loren Van Den Berg pleaded guilty to conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 and sentenced to 37 months imprisonment. He appeals two orders of the district court. The first held that the civil forfeiture of money seized from Van Den Berg upon his arrest did not require vacation of his sentence on double jeopardy grounds. The second held that Van Den Berg had abandoned his additional habeas claims by expressly withdrawing them. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291, and we affirm.
 
 FACTS
 
 3
 After his guilty plea, Van Den Berg received notice that money seized from him upon arrest would be subject to a civil forfeiture proceeding. Van Den Berg did not submit a claim of ownership at the proceeding and the money was forfeited to the United States.
 
 
 4
 After his plea, Van Den Berg filed several petitions for writs of habeas corpus under 28 U.S.C. § 2255 seeking to vacate his sentence due to ineffective assistance of counsel, illegal search and seizure, and double jeopardy arising from the civil forfeiture. Van Den Berg entered into a stipulation with the United States, which the district court approved, that a previously scheduled hearing would be limited to the issue of double jeopardy and that Van Den Berg would have thirty days after the court's decision to notify the court in writing of his desire to proceed with the other issues.
 
 
 5
 The district court denied Van Den Berg's double jeopardy claim on the ground that his failure to file a claim of ownership in the forfeiture proceeding constituted abandonment and thus the forfeiture of the property did not implicate his double jeopardy rights. The district court also entered an order requiring Van Den Berg to inform the court of his intent to pursue his additional habeas claims of ineffective assistance of counsel and unlawful search and seizure. Van Den Berg filed a notice withdrawing the unadjudicated claims, and the court dismissed them.
 
 
 6
 Several months later, Van Den Berg filed another petition raising again the previously withdrawn, unadjudicated claims. The district court denied Van Den Berg's requested relief and dismissed his petition.
 
 
 7
 With the assistance of counsel, Van Den Berg appeals the denial of his habeas petition raising the double jeopardy claim. In a companion appeal, Van Den Berg appeals pro se the denial of his final petition raising the unadjudicated claims.
 
 DISCUSSION
 
 8
 The district court properly determined that Van Den Berg was not subjected to double jeopardy by the uncontested civil forfeiture. In United States v. Cretacci, 62 F.3d 307 (9th Cir.1995), cert. denied, --- U.S. ----, 64 USLW 3837 (June 17, 1996), we held "that an owner who receives notice of [an] intended forfeiture and fails to claim an ownership interest in the property has effectively abandoned it" and the forfeiture "cannot be said to implicate the former owner's double jeopardy rights." Id. at 310-11. Because Van Den Berg received notice of the impending forfeiture but filed no claim of ownership in the money, the forfeiture did not punish him for purposes of double jeopardy. Id. Moreover, the Supreme Court has recently held that civil forfeiture of property connected to criminal activity is not punishment for purposes of double jeopardy. United States v. Usery, U.S. ----, 64 USLW 4565 (June 24, 1996).
 
 
 9
 We further hold that the district court did not err by declining to entertain Van Den Berg's previously withdrawn habeas claims. Under the rule of McClesky v. Zant, 499 U.S. 467 (1991), a defendant's attempt to raise claims in a subsequent petition that he deliberately declined to pursue in an earlier petition constitutes "abuse of the writ," and the district court may decline to entertain the subsequent petition's claims. Id. at 489. By expressly withdrawing them, Van Den Berg deliberately chose not to pursue the unadjudicated habeas claims.
 
 
 10
 Van Den Berg may be entitled to review of his subsequent petition's claims if he could demonstrate "cause" and "prejudice" for failing to pursue them initially. Bonin v. Calderon, 77 F.3d 1155, 1158-59 (9th Cir.1996); Moran v. McDaniel, 80 F.3d 1261, 1270 (9th Cir.1996). Alternatively, he may be entitled to review if he can show that the court's failure to consider the new claims would result in a miscarriage of justice. Id.
 
 
 11
 To demonstrate "cause," Van Den Berg must show that "some objective factor external to the defense impeded counsel's efforts to raise the claim" initially. Bonin, 77 F.3d at 1158 (internal quotations omitted). Van Den Berg has not offered any evidence of an objective, external factor impeding his pursuit of his unadjudicated habeas claims. Rather, he deliberately withdrew them despite being afforded an opportunity to argue them by the district court.
 
 
 12
 Nor has Van Den Berg demonstrated "actual prejudice resulting from the errors of which he complains" or that the court's failure to consider the merits of his claims "would result in a miscarriage of justice." Id. He contends the ineffective assistance of counsel and the unlawful search caused him to plead guilty to possessing an amount of marijuana in excess of the amount he actually possessed when he was arrested. But Van Den Berg was not indicted for, nor did he plead guilty to, possession of a specified quantity of marijuana. He was indicted for and pleaded guilty to a general conspiracy to possess marijuana with intent to distribute. He does not offer any evidence to suggest that he was "actually innocent" of the conspiracy charge or that the search of which he complains was in fact unlawful.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3